# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-00019-FDW

| | |
|---|---|
| AVANTI HEARTH PRODUCTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JANIFAST, INC., JANIFAST, LTD., ) | |
| MPHASE TECHNOLOGIES, INC., AND ) | |
| MICROPHASE CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Mphase Technologies Inc.'s ("Mphase") Motion to Dismiss based upon Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P 12(b)(2). (Doc. No. 17). For the reasons that follow, Mphase's Motion to Dismiss is DENIED.

## I. BACKGROUND

According to the allegations in the Second Amended Complaint (Doc. No. 16), Avanti Hearth Products LLC ("Avanti") is a North Carolina corporation that distributes fireplace remote control products. Avanti alleges that on November 15, 2005, it formed a contract with a company called Janifast (the parties disagree about whether Avanti contracted with Janifast Inc. or Janifast Ltd.). The contract allegedly called for Janifast to develop a fireplace remote control unit that Avanti would market and sell. Avanti further alleges that the contract required Janifast to send Avanti working samples of the fireplace remote control unit before March 19, 2006, and that Janifast breached the contract by never sending a conforming fireplace remote control unit to Avanti.

Mphase is a corporation organized under the laws of New Jersey. Mphase is a party to this action because Avanti claims that all Defendants engage in business under the combined trade name of "Janifast." More specifically, Avanti alleges that Defendants are all alter egos and/or partners.

Avanti filed suit against Janifast Inc. in North Carolina state court on August 14, 2007. The state court ordered Avanti to add Janifast Ltd. as a necessary party. On November 23, 2009, Avanti amended its complaint and added Mphase, Microphase Corporation, and Janifast Ltd. as Defendants. On June 10, 2010, this Court determined that Avanti had exceeded the state court's order to add Janifast Ltd. as a necessary party when it added Mphase and Microphase Corporation; in other words, Avanti improperly added Mphase to this suit. This Court, however, granted Avanti leave to amend its complaint to add Mphase as a Defendant. Accordingly, Avanti filed its Second Amended Complaint on June 14, 2010.

## II. STANDARD OF REVIEW

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993)). Yet, when a court decides a pretrial personal jurisdiction motion without an evidentiary hearing, as is the case here, a plaintiff only needs to make a *prima facie* showing of personal jurisdiction. Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc., 750 F. Supp. 2d. 184, 186 (W.D.N.C. 1990) (citations omitted). "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Mylan Labs., 2 F.3d at 59 (citations omitted). A plaintiff makes a *prima facie* showing when it "present[s] evidence sufficient

2

to defeat a motion for judgment as a matter of law." In re Polyester Staple Antitrust Litig., No. 3:03CV1516, 2008 WL 906331, at *7 (W.D.N.C. Apr. 1, 2008) (quoting Reese Bros., Inc. v. U.S. Postal Serv., 477 F. Supp. 2d. 31, 36 (D.D.C. 2007)).

A plaintiff's allegations concerning personal jurisdiction may be sufficient to establish a *prima facie* showing. Barclays Leasing, 750 F. Supp. 2d. at 186 (citation omitted). "Mere allegations may be sufficient because, absent the presentation of evidence controverting Plaintiff's allegations, the factual allegations of the complaint (as opposed to conclusory allegations) must be taken as true." Polyester Staple, 2008 WL 906331, at *7 (citing Barclays Leasing, 750 F. Supp. 2d. at 186). "However, a plaintiff may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not in fact exist. Rather, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant." Anderson v. Dobson, No. 1:06CV2, 2006 WL 1431667, at *4 (W.D.N.C. May 22, 2006) (internal citations omitted). "The court may accept affidavits, interrogatories, depositions or any other legitimate method of discovery." Barclays Leasing, 750 F. Supp. 2d at 186.

### III. ANALYSIS

*A. Personal Jurisdiction Based Upon Minimum Contacts*

"[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Carefirst, 334 F.3d at 396. Since North Carolina's long-arm statute extends to the limits permissible under the Due Process Clause, the above test merges into a single question of whether the defendant had "certain minimum contacts with [the

3

forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004) (alteration in original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (U.S. 1945)). When deciding if personal jurisdiction exists over a defendant, courts consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arises out those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 295 (4th Cir. 2005) (citing Mitrano, 377 F.3d at 407 (4th Cir. 2004)).

Here, Avanti alleged in its Second Amended Complaint that Mphase is engaged in business in North Carolina. Mphase countered by asserting that it does not have the requisite minimum contacts with North Carolina for this Court to exercise personal jurisdiction over it. As evidence of this assertion, Mphase submitted an affidavit from its General Counsel, which states, among other things, that Mphase: (1) does not have any business locations in North Carolina; (2) does not have any employees in North Carolina; (3) does not own any property in North Carolina; and (4) does not advertise or transact business in North Carolina. (Doc. No. 3, Exhibit E). Since Avanti's allegation of Mphase engaging in business in North Carolina conflicts with the evidence in Mphase's affidavit, the Court concludes that Avanti has not made a *prima facie* case that this Court has personal jurisdiction over Mphase based upon minimum contacts.

*B. Personal Jurisdiction Based Upon Defendants' Relationship*

As an alternative basis for personal jurisdiction, Avanti argues that when a court has personal jurisdiction over one defendant based upon minimum contacts, it also may have jurisdiction over another defendant based upon the defendants' relationship (e.g., partners or alter egos). In this case, to determine whether this Court has personal jurisdiction over Mphase by virtue of its relationship with Janifast Inc., it must first find that Avanti has made sufficient allegations to indicate that this Court has personal jurisdiction over Janifast Inc. This Court has already determined that it had personal jurisdiction over Janifast Inc. for the reasons stated in open court following a hearing on June 10, 2010. As a result, the dispositive issue for the motion at bar concerns whether or not Avanti has alleged sufficient facts to make a *prima facie* case that Mphase and Janifast Inc. qualify as either partners or alter egos.

*1. Partnership*

Avanti contends that all Defendants are partners working under the trade name Janifast. Avanti relies on Walker v. White to argue that a court has personal jurisdiction over a partner when it has personal jurisdiction over the partnership. 609 F. Supp. 2d 529 (W.D.N.C. 2009) ("Where a court has personal jurisdiction over a partnership, either because of the partnership's activities as a whole or the actions of a single partner acting on behalf of the partnership, the court has personal jurisdiction over all of the general partners.") (quoting Afloat in France, Inc. v. Bancroft Cruises Ltd., No. 03 Civ. 917(SAS), 2003 WL 22400213, *5 (S.D.N.Y. Oct. 21, 2003)).

Under North Carolina law,[1] statutory rules provide guidance in determining whether a partnership exists. N.C.G.S.A Sec. 59-37 (2010). With these rules in mind, North Carolina courts have described a partnership as:

> a combination of two or more persons of their property, effects, labor, or skill in a common business or venture, under an agreement to share the profits or losses in equal or specified proportions, and constituting each member an agent of the others in matters appertaining to the partnership and within the scope of its business.

Rhue v. Rhue, 658 S.E.2d 52, 59 (N.C.App. 2008) (citing Zickgraf Hardwood Co. v. Seay, 298 S.E.2d 208, 211 (N.C.App. 1982)). Furthermore, in North Carolina, "[t]o prove the existence of a partnership, an express agreement is not required; the intent of the parties can be inferred by their conduct and an examination of all the circumstances." Id. (citing Wike v. Wike, 445 S.E.2d 406, 407 (N.C.App.1994)).

Here, Avanti has made numerous allegations and submitted evidence in support of the close relationship between Janifast Inc. and Mphase. In its Second Amended Complaint, Avanti's uncontradicted allegations include: (1) all Defendants engage in business under the combined trade name "Janifast"; (2) Defendants share employees and assets; (3) Mphase twice "converted . . . liabilities due to Janifast into shares of its common stock which were then issued to Janifast"; (4) Defendants share common officers and directors; and (5) Mphase, Janifast Ltd., and Janifast Inc. all list 150 Clove Road, Little Falls, NJ 07424, as the address for their principal place of business

---

[1] For the purposes of this motion, neither party has questioned whether North Carolina law applies, and both parties have therefore waived their right to make choice of law arguments. See Neely v. Club Med Management Services, Inc., 63 F.3d 166 (3rd Cir. 1995); Bilancia v. General Motors Corp., 538 F.2d 621, 623 (4th Cir. 1976). Although it is possible that New Jersey law might control the Court's analyses here, Avanti has failed to make such an argument, and it is therefore waived. Accordingly, this Court will apply North Carolina law as it is the law of the forum state.

in the United States. Avanti also has produced evidence that Janifast Inc. allegedly ran a website that listed Mphase, Janifast Ltd., and Janifast Inc. as "partners" of "Janifast." (Doc. No. 16, Exhibit A). Furthermore, Avanti has produced depositions indicating that the General Counsel for Mphase helped a Janifast Inc. employee prepare for the depositions in this case.

Avanti's uncontradicted allegations and proffered evidence suggest that Mphase and Janifast Inc. have a strong relationship. First, this Court finds it convincing that Defendants share both employees and counsel, have common officers and directors, and engage in significant debt exchange, especially given that shared labor and shared property tend to suggest that two parties qualify as partners. Furthermore, this Court notes the importance of all Defendants' listing the same address as their principal place of business. Lastly, and perhaps most importantly, Janifast Inc. explicitly listed Mphase as a "partner" on its website. Given that under North Carolina law courts can infer the existence of a partnership from the parties' conduct and the surrounding circumstances, and given that in a pretrial motion courts consider all the evidence in the light most favorable to the nonmoving party while making all reasonable inferences in that party's favor, this Court finds that Avanti has alleged sufficient facts and offered sufficient evidence to make a *prima facie* case that Mphase qualifies as a partner of Janifast Inc. Accordingly, for the limited purpose of determining the existence of jurisdiction, this Court finds that it has personal jurisdiction over Mphase by virtue of its apparent partnership with Janifast Inc.

*2. Alter Ego Theory*

Assuming arguendo that Avanti did not make a *prima facie* case that Mphase and Janifast Inc. qualify as partners, Avanti posits an alternative basis for establishing personal jurisdiction.

Again relying on Walker v. White, Avanti argues that when a court has personal jurisdiction over a defendant, it also has personal jurisdiction over the defendant's alter egos. 609 F.Supp.2d at 537 ("[A] court which has jurisdiction over a corporation has jurisdiction over its alter egos.") (quoting Minnesota Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985)). Fifth Circuit case law recognizes alter ego theory as a basis for personal jurisdiction:

> [F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.

Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 653 (5th Cir. 2002).

Under North Carolina law,[2] a defendant qualifies as an alter ego of another defendant when the plaintiff establishes the following three elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time *no separate mind, will or existence of its own*; and (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

---

[2] When determining whether a court has personal jurisdiction over a defendant based upon its qualifying as an alter ego of another defendant, authority suggests that the "Fourth Circuit applies the law of the forum state." See SubAir Systems, LLC v. PrecisionAire Systems, No. 1:06-02620-RBH, 2007 WL 2822910, at 5* n.3 (D.S.C. Sept. 27, 2007) (citing Perpetual Real Estate Services, Inc. v. Michaelson, 974 F.2d 545 (4th Cir. 1992)). As indicated above, however, the parties have waived their right to make choice of law arguments; accordingly, the Court will apply North Carolina law.

Anderson v. Dobson, No. 1:06CV2, 2006 WL 1431667, at *6 (W.D.N.C. May 22, 2006) (emphasis original) (citation omitted). When the plaintiff seeks to make a *prima facie* case that the court has jurisdiction over a defendant's alter ego, the plaintiff must produce some evidence of the defendants' alleged relationship. Hanson and Morgan Livestock, Inc. v. B4 Cattle Co., Inc., No. 5:07-cv-0030, 2008 WL 4066251, at *7 (S.D.W.Va. Aug. 27, 2008) ("[C]ourts have also determined that conclusory allegations are not sufficient to establish personal jurisdiction over an alter ego."). While the plaintiff carries a heaving burden when attempting to pierce the corporate veil to establish personal jurisdiction, North Carolina courts recognize the equitable nature of alter ego theory; as a result, they do not focus on the presence or absence of a particular factor, but instead apply the doctrine flexibly to avoid injustice. See Atlantic Tobacco Co. v. Honeycutt, 398 S.E.2d 641, 643 (N.C. App. 1990). One important factor that relates to the case at bar concerns when joint counsel represents multiple defendants that are allegedly alter egos. F.D.I.C. v. Allen, 584 F. Supp. 386, 397 (E.D. Tenn. 1984) ("[J]oint representation suggests that one corporation serves as the alter ego of another.").

The allegations and evidence discussed above in the context of Defendants' qualifying as partners also apply to this analysis of alter ego theory. In addition, Avanti submitted a letter from Janifast Inc.'s counsel claiming that the Chinese government had seized the assets of Janifast Ltd. and that as a result, further litigation would be "pointless." (Doc. No. 9). Janifast Inc., however, subsequently moved to add Janifast Ltd. as a necessary party, which calls into question the extent to which Janifast Inc. genuinely made such a claim.

Again, the sharing of employees and assets, the exchange of debt for stock, the same principal place of business, the common officers and directors, and the website indicating

9

partnership all counsel in favor of finding a close relationship between Mphase and Janifast Inc. In addition, given Janifast Inc.'s equivocal conduct regarding the Chinese government's seizure of Janifast Ltd.'s assets, this Court is reluctant to dismiss Mphase from the case. Such a dismissal may perpetuate the injustice of allowing Janifast to limit its potential liability by claiming insolvency and/or by moving its assets to one of its alleged alter egos (e.g., Mphase). Alter ego theory aims to prevent such injustices, and as a result, this Court cannot dismiss Mphase in light of the allegations and purported evidence suggesting that Janifast Inc. and Mphase qualifies as alter egos.

### III. Conclusion

By providing evidence and making specific allegations, Avanti has carried its burden of making a *prima facie* case that goes beyond mere conclusory allegations. When considering the preceding evidence and uncontradicted allegations, and when making all reasonable inferences therefrom in favor of Avanti, this Court finds that Avanti has made a *prima facie* case that this Court has personal jurisdiction over Mphase. Accordingly, Mphase's motion to dismiss is DENIED. In light of this ruling, Mphase's Motion to Stay Discovery (Doc. No. 23) is hereby DENIED as moot.

IT IS SO ORDERED.

Signed: August 6, 2010

Frank D. Whitney
United States District Judge