# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### DOCKET NO. 3:10-cv-00019-W

| | |
|---|---|
| AVANTI HEARTH PRODUCTS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| JANIFAST, INC., et. al., | ) |
| Defendants. | ) |

THIS MATTER is before the Court upon the filing of the parties' Stipulation of Dismissal With Prejudice (Doc. No. 82). The document stated that the parties "STIPULATED AND AGREED that this Court shall retain jurisdiction of the within [sic] action for the sole purpose of enforcing the provisions of the Release and Settlement Agreement heretofore entered into by the parties." Counsel for all parties signed the document. The document also included a spot presumably for this judge to sign, although the document was neither filed as a motion nor specifically moved the Court for any specific relief.

Generally, after an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits. In Re Matthews, 395 F.3d 477, 480-81 (4th Cir. 2005) (citing Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir.2001); Foss v. Fed. Intermediate Credit Bank of St. Paul, 808 F.2d 657, 660 (8th Cir.1986)). Nevertheless, the Supreme Court has recognized that a dismissal "pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree." Kokkonen v. Guardian

<u>Life Ins. Co. Of America</u>, 511 U.S. 375, 381-82 (1994). Here, in their stipulation of dismissal filed pursuant to Rule 41(a)(1)(ii), the parties have agreed for this Court to retain jurisdiction over the settlement agreement and release.

IT IS THEREFORE ORDERED that pursuant to the parties' Stipulation of Dismissal (Doc. No. 82), this matter is dismissed. Because the parties agreed to it, the Court retains jurisdiction of the action for the sole purpose of enforcing the provisions of the Release and Settlement Agreement heretofore entered into by the parties.

IT IS SO ORDERED.

Signed: February 15, 2012

Frank D. Whitney
United States District Judge